COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

December 23, 2014

Jason C. Jowers, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Todd Charles Schiltz, Esquire
Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801

Re:  *Theravectys SA v. Immune Design Corp.*
C.A. No. 9950-VCN
Date Submitted: September 24, 2014

Dear Counsel:

This letter opinion addresses Defendant Immune Design Corporation's ("IDC") Motion to Compel ("Motion") Plaintiff Theravectys SA ("TVS") to provide substantive and clear responses to certain discovery requests.[1] The underlying litigation involves TVS's allegations of tortious interference, misappropriation of trade secrets, and unfair competition against IDC. Both parties are biotechnology companies that engaged Henogen SA ("Henogen"), a contract manufacturing organization, to produce lentiviral vectors for use in clinical trials of

--------

[1] TVS's cross motion to compel IDC to identify its new lentiviral vector manufacturer is moot because the identity of the manufacturer is now known.

vaccines in humans. Henogen's vector production for IDC violated the exclusivity clause of its prior contract with TVS. While Henogen no longer produces vectors for IDC, IDC has contracted with a replacement manufacturer. TVS believes that IDC continues to benefit from its wrongful access to its technology.

\* \* \*

Court of Chancery Rule 26(b)(1) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party."[2] "The standard for relevance under Court of Chancery Rule 26 is flexible and permits broad discovery."[3] A party may seek discovery of information inadmissible at trial if "reasonably calculated to lead to the discovery of admissible evidence."[4]

IDC seeks an order compelling TVS to supplement its responses to several interrogatories and requests for production.

---

[2] Ct. Ch. R. 26(b)(1).
[3] *In re John Q. Hammons Hotels Inc. S'holder Litig.*, 2009 WL 891805, at \*1 (Del. Ch. Mar. 25, 2009).
[4] Ct. Ch. R. 26(b)(1).

A. *Interrogatories*

IDC asked TVS to identify which trade secrets it believes were misappropriated and to describe how such misappropriation allegedly occurred. Since IDC filed the Motion, TVS supplemented its responses to sufficiently describe its allegedly misappropriated trade secrets and the manner of misappropriation to the best of its knowledge. There is no need to compel further response regarding these issues.

Next, IDC asked TVS to identify all of the business and investment opportunities it allegedly lost as a result of IDC's conduct. TVS maintains that it has responded to IDC's request to the best of its ability given the extent of its current knowledge. The Court will not enter an order compelling interrogatory responses outside the scope of a party's knowledge.[5] Therefore, no order compelling further response is warranted.

IDC also demanded that TVS elaborate on how IDC's relationship with Henogen allegedly allowed IDC to expedite its vaccine production and movement through clinical trials. Again, however, TVS asserts that it has provided the most

---

[5] *Cf. RG Barriers, Inc. v. Jelin*, 1996 WL 377014, at *1 (Del. Ch. July 1, 1996) ("I will not enter an order requiring production of documents which do not exist.").

complete responses it can based upon its current knowledge. No order requiring further response is necessary.[6]

B. *Requests for Production*

IDC requested that TVS produce (i) documents relating to the manufacture and development of its lentiviral vector products and (ii) all documents regarding Henogen. TVS argues that the responsive documents it has produced are sufficient to show all aspects of its relevant manufacturing processes and relationship with Henogen. However, IDC's requests relate to issues that are central to TVS's claims. IDC has the right to examine these relevant documents to determine for itself whether they provide utility. To the extent that it has not already done so, TVS shall supplement its responses to IDC's production requests numbered 2, 7, 8, and 11.

IDC also requested documents regarding TVS's actual and potential investors and business partners. While TVS produced responsive documents, it limited its production of communications with potential investors to nonprivileged

---

[6] TVS's assertions that it has responded to IDC's interrogatories to the best of its knowledge have a somewhat preclusive effect if TVS subsequently finds it is strategically convenient to supplement.

communications on or after July 1, 2013. TVS set this cutoff date due to its belief that third parties were unaware of IDC's business relationship with Henogen until summer 2013. Because IDC requested these documents to test the allegation that its relationship with Henogen negatively affected TVS's business, TVS asserts that communications made before others were aware that IDC had contracted with Henogen are irrelevant.

However, IDC maintains that communications predating July 1, 2013, may be relevant to its defense. For example, those documents might reveal reasons, completely unconnected to IDC, why third parties did not invest in TVS. Given the relevance that those documents may have to important and contested issues, TVS shall supplement its responses to IDC's document requests numbered 19 and 20.[7]

---

[7] TVS has redacted certain documents in order to abide by contractual confidentiality agreements with third-party investors and partners. Confidentiality agreements deserve a degree of respect and should not be avoided absent a showing of necessity. However, TVS put its relationships with third parties at issue in this case. TVS cannot hide behind its confidentiality agreements to shield any relevant information. Nonetheless, TVS has represented that the only information it has redacted relates to "communications that would reveal the potential strategic partner's confidential information in violation of a confidentiality agreement." TVS may continue to protect this information to the

IDC's Motion to Compel is thus denied in part and granted in part, in accordance with the parameters described in this letter opinion.[8]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Register in Chancery-K

---

extent that this is indeed the limit of its redactions, as the relevance that such information may have for IDC's defense is not apparent. Further, to the extent that TVS continues to redact this information based on its confidentiality and irrelevance, a preclusive effect analogous to that identified in note 6 may be warranted.

[8] IDC also requested production relating to any actual or potential manufacturer of lentiviral vectors for TVS other than Henogen. TVS since clarified that it has no objection to this request.